IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| POWER GENERATION SOLUTIONS LIMITED ("BRANCH"), | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 14-2056-CM ) |
| BLACK & VEATCH SPECIAL PROJECTS CORP., | ) ) ) |
| Defendant. | ) ) ) |

## MEMORANDUM AND ORDER

This matter is before the court on defendant's motion to stay litigation (Doc. 32). For the reasons set forth below, the motion shall be GRANTED.

### Background[1]

This dispute arose out of infrastructure developments in the country of Afghanistan. Highly summarized, the defendant Black & Veatch Special Projects Corp. entered into a contract with the United States Agency for International Development ("USAID") for specific development projects. As a result of that contract, defendant awarded a subcontract to plaintiff Power Generation Solutions Limited in April 2011. The subcontract included the installation and removal of generators and associated equipment at two locations in Afghanistan. In August 2011 defendant and USAID

---

[1] The facts in this section are taken from the parties' pleadings and briefs and should not be construed as judicial findings or factual determinations.

suspended the work at Kandahar East and later placed the project on indefinite status. After that project was suspended, defendant and USAID continued to make demands of plaintiff in order to integrate the equipment originally intended for Kandahar East into other locations. Plaintiff claims that it provided labor, equipment, materials and services beyond what was required in its subcontract with defendant.

After completing its work under the subcontract, plaintiff submitted a Request for Equitable Adjustment (REA) to defendant in March 2013 demanding the adjusted compensation of $1.9 million above the fixed contract price for its additional services. The parties agree that defendant forwarded the REA to USAID for consideration in November 2014 after it conducted its own audit of plaintiff's request, but they disagree about whether the submission satisfies the contractual definition of a "claim." In its Complaint, plaintiff makes claims against defendant for breach of contract, breach of implied warranty, and unjust enrichment in the revised amount of $1.8 million.

## Defendant's Motion to Stay Litigation (Doc. 32)

Defendant seeks a stay of this case to allow USAID to issue a decision on the requested adjustments. Defendant argues that the language of the parties' subcontract requires a stay and, even if a stay is not contractually required, the court has the inherent power to grant a stay. Plaintiff disputes defendant's interpretation of the contract and contends that because defendant did not formally certify its request the USAID cannot make a decision on that demand. Plaintiff's primary argument, unsupported by fact or

law, is that it is highly unlikely that USAID will pay its full demand and therefore a stay will only cause unnecessary delay.

Although defendant requests a stay under the terms of the subcontract, the court does not agree that the subcontract specifically necessitates a stay under the circumstances presented here.  A stay of any dispute resolution under the subcontract is required only upon the "initiation of claim and dispute resolution under the Prime Agreement" between defendant and USAID.[2]  Without deciding whether this "claim" satisfies the subcontract definition, defendant's "pass-through" of plaintiff's request does not appear to be a dispute between the parties of the prime agreement which would require a contractual stay.

The resolution of defendant's motion need not be based on the contract language. Regardless of how the claim was transmitted to USAID and whether or not it was properly "certified," it is undisputed that plaintiff's full REA is now pending before USAID—the agency ultimately responsible for payment.[3]  Although plaintiff is pessimistic about its prospects for full reimbursement, allowing the REA process to conclude would be beneficial to both parties.  A decision from USAID may narrow the issues and allow both parties to make better educated decisions about moving the case forward.  The parties have already agreed to seek additional time to complete discovery

---

[2] Doc. 33, Ex. 1, at 8, Sect. 00552.44.1.

[3] Doc. 33, Ex. 1, at 7.  Sect. 00552.28.1 specifies, "All claims for additional time or money are contingent upon Purchaser [BVSPC] receiving from Owner [USAID] the same additional time and money.  If Owner [USAID] denies Purchaser [BVSPC]'s claim, Subcontractor [PGS] shall not be entitled to its claim."

pending a ruling on the motion to stay.  No prejudice would result by staying further action pending the USAID decision.

Whether to stay litigation is an incident of the court's inherent power to control its docket and rests in its sound discretion.[4]  The court may exercise that power in the interest of economy of time and effort for itself and for counsel and parties appearing before it.[5]  Applying these standards, a stay of all proceedings in this matter is legally appropriate, economical, and will not unduly prejudice either party.  Accordingly, this case is stayed for sixty (60) days following the entry of this order.

**IT IS THEREFORE ORDERED** that defendant's motion to stay litigation (**Doc. 32**) is **GRANTED**.  All discovery and scheduling deadlines are stayed for 60 days.  Defendant's counsel is directed to assist the USAID in order to facilitate a timely decision on the pending claim.  Defendant is hereby directed to notify this court of a decision by USAID within **fourteen days** of the decision.  If no decision has been rendered by USAID by **April 7, 2015**, defendant shall submit a status report no later than **April 10, 2015** to the undersigned U.S. Magistrate Judge by e-mail to *ksd_humphreys_chambers@ksd.uscourts.gov*, at which time the court may, on its own motion, continue the stay accordingly.

---

[4] *Universal Premium Acceptance Corp. v. Oxford Bank & Trust,* No. 02–2448–KHV, 2002 WL 31898217, at *1 (D. Kan. Dec. 10, 2002) (citing *Pet Milk Co. v. Ritter,* 323 F.2d 586, 588 (10th Cir.1963)).
[5] *Id*. (citing *Landis v. N. Am. Co.,* 299 U.S. 248, 255 (1936)).

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 6th day of February, 2015.

                                                s/ Karen M. Humphreys
                                                KAREN M. HUMPHREYS
                                                United States Magistrate Judge